UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALLACE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-0444 (RMC) |
| | ) |
| MITCHEL HOLLIDAY *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

In a complaint filed *pro se* in the Superior Court of the District of Columbia, plaintiff Wallace Mitchell accuses three high-level officials of the Bureau of Prisons, including former Director Charles E. Samuels, Jr., of (1) attempting to cause his "wrongful death" by knowingly feeding him soy meals to which he was allergic; (2) ordering the destruction of his legal materials; and (3) acting with deliberate indifference to his mental health needs by changing his "diagnosis from paranoid schizophrenia, to antisocial personality disorder." Compl. at 1, 3 [Dkt. 1-1]. In addition to Samuels, Mr. Mitchell sues Chief Dietitian Mitchel Holliday and Chief Psychiatrist Donald Lewis, all in their personal and official capacities. Mr. Mitchell seeks injunctive and declaratory relief and $133,000 in monetary damages.

On March 7, 2016, the Civil Division Chief of the Office of the United States Attorney for the District of Columbia certified that at the relevant time the named defendants "were federal employees acting within the scope of their respective office or employment." Removal Not. ¶ 5 [Dkt. 1]. Defendants then removed the case to this Court pursuant to 28 U.S.C. § 2679(d)(2). Defendants now move to dismiss for lack of subject matter jurisdiction,

1

lack of personal jurisdiction, improper service, improper venue, and failure to state a claim upon which relief can be granted.  Since the alleged acts giving rise to Mr. Mitchell's claims occurred during his incarceration in Colorado, the Court will grant Defendants' motion on the sole ground of improper venue.

## I.  BACKGROUND

Mr. Mitchell is serving a prison sentence of twenty years to life for first-degree murder and related crimes imposed in 1991 by the Superior Court of the District of Columbia. *See Mitchell v. U.S*. 629 A.2d 10, 11 n.2 (D.C. 1993).  In July 2014, Mr. Mitchell was transferred to the D.C. Jail from the United States Penitentiary in Florence, Colorado, to attend post-conviction proceedings in Superior Court.  He filed the instant civil complaint in Superior Court on October 30, 2015, while detained at the Jail.  Mr. Mitchell alleges the following three occurrences.

- "On or about May 5, 2014," Holliday ordered "the plaintiff to be fed soy meals," which resulted in "multiple allergic reactions," including "liver and kidney ailments, vomiting and convulsions, skin hives and shortness of breath."  Compl. ¶ 1.
- "On or about June 1, 2014," Samuels' office was contacted about Mitchell's return to the District on the Superior Court's writ and his need to bring "two cubic square feet of legal materials [ ] for the criminal case. Despite Samuels' assurances, Samuels ordered plaintiff's property destroyed," which "denied the plaintiff access to the court . . . and resulted in the continuing wrongful imprisonment of the plaintiff."   Compl. ¶ 2.

- "[O]n or about January 28, 201[4]," Lewis changed Mr. Mitchell's mental health diagnosis, allegedly admitting that the changed diagnosis is a "blanket diagnosis" that "reduces [BOP's] liability [and] the requirement for continued care and monitoring." Compl. ¶ 3.  *See* Decl. of Donald Lewis ¶ 3 [Dkt. 10-4] (confirming his "mental examination of Wallace Mitchell . . . at USP Florence in Florence, Colorado" on January 28, 2014); Pl's Opp'n at 11 [Dkt. 12] (agreeing that the correct year is 2014). As a result, Mr. Mitchell has suffered anxiety attacks and depression and has heard voices and engaged in "self-mutilation." Compl. ¶ 3.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) provides that a case may be dismissed for improper venue upon motion. *Kelly v. NovaStar*, 637 F. Supp. 2d 34, 37 (D.D.C. 2009). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).  However, "[i]n considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002).  To prevail on a motion to dismiss for improper venue, a defendant must present facts sufficient to defeat a plaintiff's assertion of venue. *Id.*; *2215 Fifth St. Assocs. v. U–Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C.2001) (citing 5A. Fed. Prac. & Proc.2d § 1352)).

### III. ANALYSIS

The removal of this case from Superior Court informs the analysis of the venue question. "Once the Attorney General—or his authorized designee—certifies that a federal employee was acting within the scope of his or her employment at the time of the conduct giving rise to the claim, the 'employee[s] are dismissed from the action, and the United States is substituted as defendant in place of the employee[s].'" *Aviles-Wynkoop v. Neal*, 978 F. Supp. 2d 15, 19 (D.D.C. 2013) (quoting *Osborn v. Haley*, 549 U.S. 225, 230 (2007) (alterations in original)). The claims are then governed by the Federal Tort Claims Act ("FTCA"), which provides a limited waiver of sovereign immunity for civil actions seeking money damages from the United States.[1] Consequently, the "tort claims against the individual defendants must be dismissed," and the United States is "substituted as the only remaining defendant."[2] *Id*. (citing

---

[1] The FTCA confers exclusive jurisdiction in the district court over claims

> for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

[2] Mr. Mitchell's claim for injunctive relief "to enjoin the defendants from the actions or inactions described herein," Compl. at 4 ¶ 2, is overly broad; more importantly, it is moot in light of his transfer from USP Florence. *See Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993) (noting that "Cameron's impending transfer to Leavenworth made the claim for an injunction moot. And without the claim for injunctive relief, venue was improper in the District of Columbia"). In addition, since this Court will not reach the merits of Mr. Mitchell's claims, it can neither grant nor deny his request for a declaration "that defendants violated his constitutionally and statutorily protected rights." Compl. at 4 ¶ 3. *See Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) ("It is a well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction. Rather, the availability of [declaratory] relief presupposes the

*Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995)). The U.S. Attorney's "certification only serves as prima facie evidence that can be rebutted by 'specific facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment.'" *Allaithi v. Rumsfeld*, 753 F.3d 1327, 1329-30 (D.C. Cir. 2014) (quoting *Jacobs v. Vrobel*, 724 F.3d 217, 220 (D.C. Cir. 2013)). Mr. Mitchell has not challenged the valid certification. Therefore, the United States is properly substituted as the defendant and any tort claims are governed by the FTCA.[3]

The Court of Appeals instructs "[c]ourts in this circuit [to] examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). FTCA claims are properly brought in "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Since Mr. Mitchell is here temporarily from

---

existence of a judicially remediable right.") (citation and internal quotation marks omitted) (alteration in original)).

[3] The bases of Mr. Mitchell's claims are unclear. Mr. Mitchell states that he is suing Defendants in both their personal and official capacities, but he insists in his opposition that he is not suing under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)—the authority for bringing personal-capacity lawsuits against federal officials for constitutional violations. Rather, Mr. Mitchell invokes D.C. Code § 11-921, which generally confers jurisdiction in Superior Court over civil complaints brought in the District. But the U.S. Attorney's unchallenged certification that Defendants were acting within the scope of their official duties effectively forecloses any tort claim against Defendants personally. And the official-capacity claims for money damages essentially are against the United States, which may be sued only upon consent "unequivocally expressed" by Congress in statutory text such as that in the FTCA. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (internal quotation marks and citation omitted).

Colorado, which is where the alleged underlying events occurred, the United States District Court for the District of Colorado is the proper forum for litigating the FTCA claim.

Mr. Mitchell counters that this venue is proper because "all of the alleged acts or omissions occurred in Washington, D.C. where the Defendants work at BOP's headquarters." Pl.'s Opp'n at 3 [Dkt. 12]. But this assertion is undermined by the complaint's allegations, the administrative claims reviewed at USP Florence, and the declarations of Holliday and Lewis, who both live and maintain offices in Minnesota.[4] *See* Def.'s Exs. 1, 3. Mr. Mitchell next contends (1) that "the injury . . . continues, as this is where plaintiff is currently residing and is challenging his [Superior Court] convictions . . . for which he needs the legal materials," and (2) that the United States Marshals Service and other detention officers "rely on documentation prepared by Holliday and Lewis" when making decisions about his diet and mental health treatment. Pl.'s Opp'n at 3. Even if true, Mr. Mitchell has not alleged an injury arising from his diet or medical treatment at the D.C. Jail, let alone one that could be attributed to the United States. He claims generally that he suffers from anxiety attacks, depression, and other mental ailments, but a prisoner may not sue the United States "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1346(b)(2). By Mr.

---

[4] While it is true that former Director Samuels worked in the District of Columbia at the relevant time, the court access claim implicating Samuels in the alleged destruction of Mr. Mitchell's legal materials—a fact in dispute—simply has no traction. Mr. Mitchell has not alleged that he lost a particular claim, and "like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). Mr. Mitchell claims only that "the lack of the records in [his] criminal case are preventing the matter from moving forward," apparently as quickly as he wishes. Pl.'s Opp'n at 10. Besides, the FTCA does not waive the United States' immunity with respect to claims based on constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994); *Dancy v. Dep't of Army*, 897 F. Supp. 612, 614 (D.D.C. 1995) (citing cases)).

Mitchell's own admission, the only concrete physical injury—the near-fatal allergic reaction to a soy diet—occurred in May 2014 while he "was housed in the Federal Bureau of Prisons" at the federal penitentiary in Florence, Colorado. Compl. ¶ 1. Consequently, his claim does not belong here.

"When a plaintiff files an action in the wrong district, 28 U.S.C. § 1406(a) directs courts 'to dismiss, or if it be in the interest of justice, transfer such case' to the proper venue." *Darby*, 231 F. Supp. 2d at 277 (D.D.C. 2002) (quoting 28 U.S.C. § 1406(a)). A transfer would not be in the interest of justice. Mr. Mitchell has accumulated more than the requisite number of dismissals under the Prison Litigation Reform Act ("PRLA") to preclude his filing cases in federal court *in forma pauperis*.[5] *See Gilbert-Mitchell v. Allred*, No. 1:12-cv-1997, 2013 WL 1365781 (D. Colo. Apr. 3, 2013). Because the underlying events occurred in Colorado and Mr. Mitchell is currently detained here, the imminent danger exception does not apply. *See Ibrahim v. D.C.*, 463 F.3d 3, 6 (D.C. Cir. 2006) (noting that in deciding the imminent danger question courts "look to the complaint"). Furthermore, the U.S. District Court for the District of Colorado has listed six aliases associated with Mr. Mitchell's name and inmate number and five variations of his last name used to file cases nationwide. That court concluded "that [Mitchell's] failure to

---

[5] The PLRA provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

fully disclose his previous lawsuits and three-strikes status, under penalty of perjury, and his attempt to prosecute this case under a variation of his real name, constitutes an abuse of the judicial process and fraud on the court." *Gilbert-Mitchell*, 2013 WL 1365781, at *2. This Court noted from the specific language of § 1915(g) that the three-strike provision does not apply to a prisoner who is before this Court only because a defendant removed his case from state court. *See* May 3, 2016 Order at 1 [Dkt. 11]. Nevertheless, the Court may rely on Mr. Mitchell's qualifying dismissals under § 1915(g) to conclude that the interest of justice will not be served by transferring this case to its sister court in Colorado.

## IV. CONCLUSION

Because venue is improper here and a transfer is not in the interest of justice, this case will be dismissed without prejudice. A memorializing Order accompanies this Memorandum Opinion.


Date:   July 29, 2016            _____/s/_____
                                 ROSEMARY M. COLLYER
                                 United States District Judge